IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PERMACEL KANSAS CITY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-0766-CV-W-HFS |
| | ) | |
| SOUNDWICH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

In this patent infringement case the court has under advisement two motions for summary judgment, partial or complete, filed by defendant and recently argued. The product is vibration damping material used by automobile makers. The first motion (Doc. 43) seeks summary judgment on Counts II and III, ruling that a false advertising claim (to the effect that the products are "the same" although defendant's product is cheaper) is not submissible under the Lanham Act or under unfair competition laws of the State of Missouri. Various contentions are presented, the most compelling being that any such misrepresentation of quality was not the cause of purchase by Ford Motor Company, which relied on the price differential and its own appraisal of quality, and that no reasonable jury could find causation.

The second motion (Doc. 46) seeks to limit or bar plaintiff's Count I claim for patent infringement. Equitable estoppel from litigating the claim is asserted by reason of a lengthy delay (almost six years) in prosecuting a claim in a vigorously competitive market, when the products were well known to both parties and plaintiff's predecessor (Lear) had raised an infringement issue at the beginning of the competition but had allegedly lulled defendant into a supposition that no legal

contest would be forthcoming–thus causing defendant to engage in considerable sales activity that it might have foregone if litigation had been promptly filed. In the alternative, defendant seeks to limit recovery to the time period beginning with the filing of the case because (1) plaintiff did not mark its product with a patent number and allegedly failed to give adequate notice of an actual infringement claim, and (2) plaintiff's acquisition of patent rights from AcoustiSeal, Lear's successor, did not include an assignment of infringement claims until February, 2005, despite an attempt to give nunc pro tunc status to the assignment. Finally, defendant seeks to bar use of the belated assignment because it was acquired in alleged breach of an agreement between the parties that notice to defendant would be given before approaching the seller, a trustee in bankruptcy, and such advance notice was not given.

For the reasons stated below, I will grant defendant judgment on the causation issue (thus barring the Lanham Act and State law claims) and will also grant judgment against plaintiff on the nunc pro tunc assignment of infringement rights, thus considerably limiting the time period open to plaintiff for its infringement claim. I will reject as moot the inadequate notice claim and the claim that the assignment was obtained in breach of contract, and will deny summary judgment on the claim that plaintiff is equitably estopped from claiming infringement.

(1)

The first issue, in chronological order, is whether any sales representation that the products were "the same" can be litigated when there is allegedly no submissible contention that any misrepresentation caused Ford and its immediate supplier to use defendant's product.[1]

---

[1] I need not rule the alternate theory that any claim belongs to AcoustiSeal, apparently still in bankruptcy.

As might be expected, particularly in the informal context of sales promotion discussions, there is uncertainty and conflict as to precise language that was used by defendant's sales representative. I shall assume the most favorable formulation of words for plaintiff, indicating a claim of identity of product, not just that the products work the same. But the ultimate purchaser (Ford) and the intermediate purchaser from Soundwich (Tower) both give apparently unbiased and unconverted explanations that the cost advantage of the Soundwich product, when weighed against any small reduction in quality, was convincing. Generalized sales talk about quality was no more than the atmospherics of the discussion, so they say. The denial that phrasing by the Soundwich salesman was a deal-maker stands unchallenged by any direct or circumstantial proof. The only relationship is that the sale followed the discussion. But it is uncontested that Ford's sound expert had determined that "there was a performance loss," but it was no more than a 20% reduction in performance from plaintiff's product. Thus it was known that the salesman's claim, if made, was somewhat exaggerated–and in event did not cause Soundwich to make the sale. I cannot conclude that a reasonable jury could render a verdict for plaintiff on the Lanham Act or Unfair Competition claims.[2] Summary judgment will therefore be entered in favor of Soundwich on these claims.

(2)

The second issue is whether there is an equitable estoppel because of the long delay in filing suit for damages and to stop any infringement.

---

[2] I am mindful of plaintiff's right to trial by jury and that considerable caution should be exercised before granting summary judgment on fact-specific issues like those posed here. Nevertheless, the defendant is entitled to protection against verdicts not grounded in reason. It should not be at risk of a result based on resentment of what may have been inaccurate "puffing" by a salesman, or because certain witnesses or lawyers may appeal to the jury.

3

It is necessary to assume the most favorable situation permitted by discovery for the estoppel defense.  One can assume that Soundwich received written notice that, although infringement was not being charged, it was under consideration by plaintiff's predecessor, Lear.  Thereafter it is assumed that defendant went ahead with its product and sold it in competition with plaintiff's product for almost six years before being hit by litigation, or even threats.  Defendant claims that any cloud in the sky as the result of the letter that was a "wake up call" had long dispersed, and that defendant thought it was out of the woods, to change the figure of speech.  Defendant claims that if threats or litigation had been pursued earlier it might have changed its operations and concentrated on products that were not being challenged.

There are serious problems with defendant's contentions, particularly when advanced on summary judgment.  An inference of abandonment of an infringement claim "must be the only possible inference from the evidence" A.C. Aukerman v. R.L. Chaides Const. Co., 960 F.2d 1020, 1044 (Fed. Cir. 1992)(emphasis by the court).  Here, where the initial pertinent communication was equivocal, part of the time thereafter could (and plaintiff says was) spent on evaluation of factual and legal issues.  Part of the time lapse could be accounted for by ownership changes and ownership financial problems.  Compare McKesson Information Solutions LLC v. The Trizetto Group, Inc., 2006 WL 892259 (D. Del.)  Because the parties were close competitors, as defendant emphasizes, knowledge about ownership changes and financial conditions cannot be treated as clearly unknown.

Inferences of injurious reliance are also not compelling.  Defendant argues little more than that it sold its product routinely, which it might not have done if an infringement suit were pending.  This has little legal support as a claim of economic prejudice.  See, e.g. Meyers v. Brooks Shoe Inc., 912 F.2d 1459, 1463 (Fed Cir. 1990);  James River Corp. of Virginia v. Hallmark Cards, 915 F.

4

Supp. 968, 978 (E.D. Wis. 1996). During the months this case has been on file there is apparently no showing that defendant has moved to protect itself by changing its business practices. See Meyers, supra, 912 F.2d at 1463.

Claims of harm from loss of witness recollections are also quite thin, and not shown to have been lacking in mutuality or likely to be disabling to a defense.

Summary judgment must be denied on defendant's claim of equitable estoppel.[3]

(3)

The third issue is whether the infringement case can be pursued only for the period after plaintiff acquired the patent rights from the predecessor, which the predecessor had in turn acquired from Lear Corporation. Plaintiff relies on a contention that its original patent acquisition implicitly included infringement claims owned by the seller, and that in the alternative a nunc pro tunc assignment of such rights would be effective. In an unpublished opinion, a panel of the Court of Appeals for the Federal Circuit rejected infringement claims for the period before title was obtained, even though an effort had been made, nunc pro tunc, to convey such rights to the current holder of title. Messagephone, Inc. v. SVI Systems, Inc., 243 F.3d 556, 2000 WL 1141046 (Fed. Cir.). The

---

[3] The parties should be aware that I am currently skeptical regarding the ultimate submissibility of this defense. Apart from the injurious reliance issue, which seems vaguely articulated at this point, I am rather baffled by uncertain directions in Aukerman, the leading case from the Federal Circuit. The Federal Circuit states that "silence alone will not create an estoppel unless there was a clear duty to speak. . ." 960 F.2d at 1043. It is difficult to see a duty to speak by plaintiff or its predecessors in the situation at bar. No direct threats had been made by Lear, followed by inaction which was very likely to be misconstrued. But the test was stated somewhat more favorably for defendant in an old opinion by Judge Learned Hand. Simply "long inaction" by a known competitor was characterized as sufficient "assurance" that no infringement claim would be following. Dwight & Lloyd Sintering Co. v. Greenawalt, 27 F.2d 823, 827 (2nd Cir. 1928). That language poses a low hurdle which defendant can probably satisfy, but seems distinctly less burdensome than the Federal Circuit's rule previously quoted. Yet Sintering was quoted without disapproval on a prior page of Aukerman, 960 F.2d at 1042.

5

case is so squarely in point that it needs no express comparison. Defendant argues that this case is being decided on summary judgment while the question in Messagephone was decided post-trial. Because I was not aware of pertinent facts that might be developed at trial, and the plaintiff suggests none, the distinction is immaterial.

The status of an unpublished decision is somewhat troubling, especially when, as here, the contentions on the merits of the nunc pro tunc issue seem debatable. Further, it would seem to require little extension of pertinent law established in Mas-Hamilton Group v. LaGard, Inc., 156 F. 3d 1206 (Fed. Cir. 1998) to rule the nunc pro tunc question in favor of plaintiff when plaintiff's standing to sue was always undisputable.[4]

I will assume that one panel of the Federal Circuit would not be bound to follow an unpublished decision by another panel. Thus, lack of publication would probably avoid the necessity for en banc review, if plaintiff persists in contending that Messagephone is wrong. It would, however, be reckless, to say the least, for me to rule in a manner inconsistent with an unpublished

opinion of a panel of the reviewing court. I will accept Messagephone as my guide, despite doubts regarding its intrinsic soundness, leaving the issue for plaintiff to pursue on appeal. Therefore, the time period for any infringement recovery would begin when plaintiff acquired the patent in late 2002 or when it filed suit in 2003.

Whether plaintiff's damage claim would start when plaintiff acquired the patent or when it filed suit would depend on whether defendant had adequate notice of a possible infringement claim.

---

[4] I do agree with Messagephone and Mas-Hamilton that the initial acquisition of the patent did not convey to plaintiff any preexisting infringement claims
6

Case 4:03-cv-00766-GAF   Document 121   Filed 05/24/06   Page 6 of 7

That in turn depends upon whether the non-threatening letter of September 30, 1997, was sufficient notice of plaintiff's patent. One might suppose, in a practical sense, that it was at least as good as marking on a product, but I am not prepared to make a final ruling, other than to bar plaintiff from pursuing an assigned claim.

Defendant's motion to limit the period of recovery is GRANTED. Its motion for summary judgment on the Lanham Act and unfair competition claims is GRANTED. Judgment shall be entered in favor of defendant on Counts II and III. Defendant's motion for equitable estoppel is DENIED. Other issues are MOOT. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 24, 2006

Kansas City, Missouri